CARROLL, Judge
(concurring specially).
I concur. The stay order contained no condition for protection of the appellee from depreciation, during the period of appeal, in value of the property awarded to her by the judgment, except for the provision in the stay order that their joint securities which were in an account held by the appellant husband should not, by his trading in the account, be permitted to depreciate below the value of $200,000, and the requirement in the order that if, as a result of the husband’s trading therein, the account should become depreciated below $200,000, the husband should restore it to that amount by addition of cash or other securities. While the account lost value during the period of the appeal, it did not depreciate below $200,000 in value.
As to the depreciation which did occur in the value of the assets which had been awarded to the appellee in the judgment, *806 when the course of such depreciation was discernable while the appeal was pending, it was incumbent upon the appellee, for protection against loss, to háve applied to the appellate court to require the appellant to furnish a bond or other security against such loss, as a condition of the continuance of the stay order. In the absence thereof, the appellant was not legally responsible to the appellee for depreciation in value of the property awarded her by the judgment.